JS6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### <u>CIVIL MINUTES – GENERAL</u>

Case No. 8:25-cv-00990-DOC-DFM                    Date:  July 29, 2025

Title: Breanna Tolston v. Nike USA, Inc. et al.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [13]**

Before the Court is Plaintiff Breanna Tolston's ("Plaintiff") Motion to Remand ("Motion" or "Mot.") (Dkt. 13). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion and **REMANDS** this case back to Superior Court of California. Accordingly, the Parties' Joint Stipulation to Continue Scheduling Conference (Dkt. 18) is **MOOT.**

### I.    Background

#### a.  Facts

This is an employment action. The following facts are taken from Plaintiff's Complaint. Plaintiff Breanna Tolston's Complaint for Damages ("Compl." or "Complaint) (Dkt. 1-3 Ex. A). Plaintiff alleges ten causes of action against Defendants Nike USA, Inc. ("Nike"), John Tye ("Tye"), Javier Reyes ("Reyes"), Jessi Evans ("Evans"), and Does 1 through 100 (collectively "Defendants"). *See generally* Compl.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                              Date: July 29, 2025

Page 2

Plaintiff began employment for Defendant Nike in or around October of 2017. Compl. ¶ 11. On or around November 1, 2021, Plaintiff began working as a Senior Material Handler II ("SMH") for Nike's warehouse in Foothill Ranch. *Id.* Plaintiff alleges she was an exemplary employee during her time working for Nike, consistently receiving positive performance reviews. *Id.* Plaintiff claims that throughout her time working as a SMH at Nike's warehouse, Nike permeated a culture of "racial animus." Compl. ¶ 13(a). Plaintiff alleges that Nike's "non-black / non-African American managers micromanaged and closely monitored the black / African American employees," including Plaintiff. *Id.* This involved Plaintiff being called into managers' offices for "trivial issues and investigations that non-black / non-African American employees did not have to deal with," and black employees being the only ones that were criticized for their performance. *Id.* Plaintiff alleges the main perpetrators of this "racial animus" were Operations Manager Tye, a white male and General Manager Evans, a white female, and that in or around July of 2023, Plaintiff filed an official complaint against them in Nike's "Speak Up" portal. Compl. ¶ 13(b). Plaintiff alleges after filing this complaint Nike assured her this behavior would change moving forward. Compl. ¶ 13(d).

However, despite this promise, Plaintiff alleges that, shortly after she filed her complaint, Operations Manager Reyes, a Hispanic male, approached Plaintiff and told her to tell Alvin Shaw ("Shaw"), a black / African American employee, that Reyes was "watching him" and that Shaw needs to be careful. Compl. ¶ 14(a). Plaintiff also alleges that after she told Equipment Operator Warren ("Warren") to get off of his phone during work, Warren became angry and later falsely accused Plaintiff of "verbally threatening him and physically grabbing him." Compl. ¶ 15(a). Plaintiff totally denied these accusations. *Id.* Nonetheless, on or around August 9, 2023, Defendant Nike terminated Plaintiff, stating that she violated Nike's policy "relating to assault, battery, or any threat of violence." Compl. ¶ 15(c). Plaintiff filed a claim with Nike for wrongful termination, but after a month of waiting was informed that her termination was upheld. Compl. ¶¶ 16(a)-(d). Plaintiff was encouraged to apply to other positions with Nike. *Id.* ¶ 16(e). However, Plaintiff never received an interview for any of the positions she applied too, which Plaintiff believes "highlight[s] the retaliation she faced after speaking out against the systemic racism and injustice she experienced and encountered." *Id.*

**b. Procedural History**

On April 2, 2025, Plaintiff filed her Complaint against Defendants in Orange County Superior Court. Notice of Removal ("Not.") (Dkt. 1). The Complaint alleges ten

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                              Date: July 29, 2025

Page 3

causes of action against Defendants: (1) Discrimination on the Bases of Race, Color, Ancestry, and National Origin; (2) Hostile Work Environment / Harassment on the Bases of Race, Color, Ancestry, and National Origin; (3) Retaliation for the Exercise of Rights Guaranteed Under the FEHA; (4) Failure to Prevent Discrimination, Harassment, and Retaliation; (5) Whistleblower Retaliation; (6) Disclosure of Working Conditions; (7) Wrongful Termination of Employment in Violation of Public Policy; (8) Intentional Infliction of Emotional Distress; (9) Negligent Hiring, Supervision, and Retention; and (10) Failure to Provide Personnel File. *See generally* Compl. On May 9, 2025, Defendant Nike removed the action to this Court asserting diversity jurisdiction. Not. at 4.

On June 9, 2025, Plaintiff filed a Motion to Remand ("Motion" or "Mot"). Defendants filed their Opposition to Plaintiff's Motion on June 23, 2025. Defendants' Opposition to Plaintiff's Motion for Order Remanding Action to State Court ("Opp'n") (Dkt. 16). Plaintiff filed her Reply ("Reply") (Dkt. 17) on July 28, 2025.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                           Date: July 29, 2025

Page 4

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:25-CV-00990-DOC-DFM                          Date: July 29, 2025

                                                                Page 5

    If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.   Discussion

    Defendant argues that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Not. at 4, 16. The Court disagrees.

### a.   Complete Diversity

    Defendants acknowledge that Plaintiff is a citizen of California. Not. ¶ 10. Defendants also do not dispute that Defendants Tye, Reyes, and Evans are citizens of California, as Plaintiff alleges in her Motion. *See generally* Not.; *see generally* Opp'n; *see also* Mot. at 3. California citizens on both sides defeat complete diversity. *See Exxon Mobil Corp.*, 545 U.S. at 553.

    Defendants, however, contend that the non-diverse Defendants are fraudulently joined by Plaintiff and therefore their non-diverse citizenship "must be disregarded for purposes of removal jurisdiction." Not. ¶ 22.

    When analyzing whether the complete diversity requirement is satisfied, courts disregard the citizenship of "sham defendants." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F. 3d 1203, 1206 (9th Cir. 2007) (citing *McCabe v. Gen. Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987)); *see also Nasrawi v. Buck Consultants, LLC*, 779 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                              Date: July 29, 2025

Page 6

"The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the "heavy burden" of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Grancare, LLC v. Thrower by and through Mills*, 889 F. 3d 543, 548 (9th Cir. 2018); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). There is a "general presumption against finding fraudulent joinder." *Grancare*, 889 F. 3d at 548. All disputed questions of fact are resolved in favor of the plaintiff. *Good*, 5 F. Supp. 2d at 807. Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v Broido*, 358 Fed. Appx. 874, 876 (9th Cir. 2009).

Further, the test for fraudulent joinder is not equivalent to the one for failure to state a claim under Rule 12(b)(6). *Grancare*, 889 F. 3d at 549. It is possible that a claim may fail under 12(b)(6) but that the defendant has not necessarily been fraudulently joined. *Id.* "A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Franklin v. Murphy*, 745 F. 2d 1221, 1227 n.6 (9th Cir. 1984)).

Defendants bear the burden of proving that joinder of Tye, Reyes, and Evans was fraudulent. *See Grancare*, 889 F. 3d at 548. Defendants argue that Tye, Reyes, and Evans have been fraudulently joined because Plaintiff has failed to state a claim for harassment against them, calling Plaintiff's harassment claims against Tye and Evans "vague and unintelligible" and that the action Plaintiff described Reyes taking was a "personnel management action" and therefore not harassment. Opp'n at 3.

Under FEHA, it is unlawful for an employer to harass an employee based on "race, religious creed, color, national origin, ancestry, physical disability . . . age . . . or veteran or military status." Cal. Gov't Code § 12940(j)(1). To state a claim for harassment under FEHA, Plaintiff must show that she was harassed severely enough to create a hostile work environment "because she belonged to a protected group." *Noseworthy v. Hope*, 2024 U.S. App. LEXIS 32931, *1 (9th Cir. Dec. 31, 2024). More

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                                    Date: July 29, 2025

Page 7

specifically, to state a prima facie case for harassment, Plaintiff must show: (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with plaintiff's work performance by creating a hostile, intimidating, or offensive environment; and (5) the defendants are liable for the harassment. *Ortiz v. Dameron Hosp. Ass'n*, 250 Cal. Rptr. 3d 1, 12 (Cal. Ct. App. 2019).

An employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that is hostile or abusive to employees because of their protected status. *Ortiz v. Dameron Hosp. Ass'n.*, 37 Cal.App.5th 568, 581 (3d Dist. 2019). This "severe or pervasive" requirement had previously been "quite a high bar for plaintiffs to clear, even in the context of a motion for summary judgment." *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 878-79 (2023). But the California Legislature has since eased this burden on plaintiffs, clarifying existing law to now say that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile working environment." Cal. Gov't Code § 12923(b). And they articulated that it is rare that harassment cases are appropriate for disposition on summary judgment. Cal. Gov't Code § 12923(e). This statute specifically rejected the use of the Ninth Circuit's opinion in *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) to determine what kind of conduct is sufficiently severe or pervasive to constitute a violation of FEHA. *Id.*; *see also Williamson v. DHL Glob. Forwarding USA*, No. 2:24-cv-01476-WLH (C.D. Cal. Apr. 24, 2024) (stating that § 12923 sets a "new standard" for FEHA harassment claims that is way less stringent than the one courts applied before). In *Brooks*, the Ninth Circuit rejected the idea that a single instance of nonviolent sexual assault that an employer immediately and completely remedied could create a hostile work environment for which the employer could be held liable. 229 F.3d at 926.

Applying this newly refined standard here—the Court rejects Defendants' argument that Plaintiff has failed to state a claim against Tye and Evans. Plaintiff is undisputedly a member of a protected class as a black female. Mot. at 14. Further, Plaintiff alleges that Tye and Evans were the "main offenders" of perpetrating the racial animus Plaintiff alleges she experienced as an employee, such as invasive questioning and being called into their offices for investigations when white employees were not subject to the same treatment. Compl. ¶ 13(a)-(b). Plaintiff has presented evidence she may have been subjected to unwelcome harassment as a result of her race. *See Roby v.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-CV-00990-DOC-DFM                      Date: July 29, 2025

                                                                        Page 8

*McKesson Corp.*, 47 Cal. 4th 686, 709 (2009). Given the California Legislature's express rejection of the "high bar" previously imposed by courts, and its clarification that even a single incident of harassing conduct can give rise to liability under FEHA, Plaintiff has sufficiently stated a claim as to Defendants Tye and Evans under the applicable standard. This is not an analysis of whether these allegations would survive a motion to dismiss. Applying the presumption against finding fraudulent joinder, and accepting Plaintiff's facts to be true, the Court declines to find fraudulent joinder in the cases of Tye and Evans. *See Grancare*, 889 F. 3d at 548.

        The Court agrees with Defendant's claim that Reyes was fraudulently joined. *See* Opp'n at 3. Plaintiff in her Complaint fails to allege facts sufficient for a claim of harassment. *See generally* Compl. Plaintiff's allegations against Reyes are that he told Plaintiff to tell another employee that Reyes was "watching him" and that Reyes made a "racially harassing and discriminatory comment… to Stephany." Compl. ¶ 14(a)-(b). These facts on their own are not sufficient to state a claim of harassment against Reyes, because Plaintiff does not show how she herself was subjected to the harassing conduct. *Ortiz*, 250 Cal. Rptr. 3d at 12.

In sum, having found that two of the individual Defendants are not fraudulently joined, the Court **GRANTS** the Motion and **REMANDS** this case back to Superior Court of California.


        The Clerk shall serve this minute order on the parties.


MINUTES FORM 11                                          Initials of Deputy Clerk: kdu

CIVIL-GEN